**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STATE OF ARIZONA, ex rel Terry Goddard, | No. 09-CV-01596-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| ALBERT YUN SZU YEH et al., | |
| Defendants. | |

Pending before the Court is the Motion to Remand of the State of Arizona. (Dkt. # 7.) In this case, Plaintiff applied for and received a seizure warrant from the Maricopa County Superior Court, which authorized Plaintiff to seize Defendants' property for forfeiture. (Dkt. # 1 Ex. A.) That warrant was executed on July 6, 2009. On August 3, 2009, Defendants filed a notice of removal to this Court. (Dkt. # 1.) Plaintiff filed its motion to remand on August 28, 2009. (Dkt. # 7.)

In the motion, Plaintiff offers a variety of arguments as to why this case should be remanded, but the principal argument of merit is that the activities occurring in state court did not constitute a removable civil action. (*Id.* at 3-4.) The Court concedes that this is a close question. On the basis of the authorities available,[1] the Court is not persuaded that there was a removable civil action in the state court.

---

[1] The Court ordered expedited briefing on the matter because the statutory deadline for Plaintiff to file its notice of pending forfeiture in state court is rapidly approaching. (Dkt. # 8.)

The removal statute permits a "civil action" to be removed from state court to federal court. 28 U.S.C. §§ 1441(a), 1446(a).[2] However, no "civil action" has yet been commenced. In Arizona, "[a] civil action is commenced by filing a complaint with the court." Ariz. R. Civ. P. 3. In Arizona forfeiture proceedings, a complaint need not be filed until sixty days after the state files a notice of pending forfeiture, which itself need not be filed until sixty days after property has been seized. Ariz. Rev. Stat. § 13-4308(B). No complaint has yet been filed in this case, nor is one required to have been, and thus no civil action that could be removed has commenced.

Defendants point out that some courts have held that temporary restraining orders may be removed even in the absence of a complaint.[3] *See, e.g.*, *Butts v. Hansen*, 650 F. Supp. 996, 998 (D. Minn. 1987); *King v. United Way of Cent. Carolinas, Inc.*, No. 3:09CV164, 2009 WL 2432699, at *2-4 (W.D.N.C. June 16, 2009). The Court is also aware of *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F. Supp. 1476, 1479 (C.D. Ill. 1984), probably the most analogous case, which held that an affidavit of attachment provided a basis for removal. For three reasons, the Court finds these cases distinguishable.

First, in all of these cases the applications submitted to the court clearly established the basis for federal court jurisdiction. *See Butts*, 650 F. Supp. at 998 (involving claims

[2]Although the parties do not raise the issue, the Court notes that the statute also suggests in some sections (but not in others) that a civil "proceeding" may be removed as well. *See, e.g.*, 28 U.S.C. § 1446(b) (describing when the "notice of removal of a civil action *or proceeding*" must be filed) (emphasis added). Even under this language, no civil "proceeding" has yet commenced. The Arizona forfeiture statutes expressly provide that the state "initiate[s] forfeiture proceedings" by filing "notice of pending forfeiture within sixty days after [a property's] seizure." Ariz. Rev. Stat. § 13-4308(B). Here, the notice of pending forfeiture has not yet been filed, and therefore no forfeiture "proceeding" has yet been initiated.

[3]Defendants also cite to *Nationwide Investors v. Miller*, 793 F.2d 1044 (9th Cir. 1986). However, *Nationwide Investors* merely held that "garnishment is a civil action removable under 28 U.S.C. § 1442(a)(1)." *Id.* at 1048. It did not hold that a proceeding that is not a civil action could be removed, even under the different removal statute at issue in that case. Here, the applicable state rules are clear that no action has been commenced because no complaint has been filed. Ariz. R. Civ. P. 3.

arising under federal law that were clearly stated in the application for a temporary restraining order); *King*, 2009 WL 2432699, at *3 (same); *Kiddie Rides*, 579 F. Supp. at 1479 (involving an affidavit of attachment that "provided the Defendant with a 'clear statement' that the case involved diverse parties and that the requisite amount in controversy was involved"). By contrast, the issuance of the seizure warrant here does not clearly demonstrate federal jurisdiction. It cites only to Arizona statutes authorizing forfeiture and does not establish the citizenship of Defendants. (*See* Dkt. # 1 Ex. A) Given the absence of a clear indication in the seizure warrant that the federal court would have jurisdiction, the Court cannot conclude that the seizure warrant provided a proper basis for removal.

Second, holding that the seizure warrant provided a basis for removal would defeat Arizona's statutory scheme. The "Jurisdiction" section of the Arizona forfeiture statutes provides that "[t]he state may commence a proceeding *in the superior court*." Ariz. Rev. Stat. § 13-4302. Those statutes further provide that the state "initiate[s] forfeiture proceedings" by filing "notice of pending forfeiture within sixty days *after* [a property's] seizure." Ariz. Rev. Stat. § 13-4308(B) (emphasis added). If a party is permitted to remove a forfeiture dispute from superior court after the issuance of a seizure warrant, but before a complaint or notice of pending forfeiture is filed, then formal proceedings could never be commenced under the statute, as any documents would have to be filed in the district court. *See* 28 U.S.C. § 1446(d) (providing that once a defendant files a notice of removal in the state court, the notice "shall effect the removal and the State court shall proceed no further unless and until the case is remanded"). The statutory scheme would therefore be frustrated. In *Kiddie Rides*, by contrast, the court found that the Illinois attachment statute "specifically indicates that the [attachment] action is 'invoked' by the affidavit," and consequently "it is the affidavit of attachment which constitutes the initial pleading." *See* 579 F. Supp. at 1479. Because the Arizona statutory scheme is otherwise, the Court does not conclude that the forfeiture action commenced with the seizure warrant.

Finally, principles of federalism counsel that the Court not find that this action was properly removed. Out of deference to state courts, a federal court should be cautious in

exercising jurisdiction where it is unclear. *See Healy v. Ratta*, 292 U.S. 263, 270 (1934) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). Where, as here, the question of jurisdiction is close, the Court should err on the side of caution and return this case to the state court, where all parties agree jurisdiction is permissible. *See Hubbard v. Union Oil Co. of Cal.*, 601 F. Supp. 790, 794 (S.D.W. Va. 1985) ("While jurisdiction in the state court is clearly proper, it is a very close question whether this Court can also properly assert jurisdiction over this matter. . . . The safe course, then, is to remand this action to a court where all can agree jurisdiction is properly exercised rather than retain this case in a federal forum where jurisdiction is questionable."). Such a course of action is particularly appropriate here, where the forfeiture statutes provide a date certain by which an action must be commenced and after which removal would be proper.

For these reasons, the Court concludes that it does not have jurisdiction over this matter and that it must be returned to state court. Therefore, Plaintiff's motion to remand is granted, without prejudice to future removal once a civil action has commenced.

Plaintiff has also requested the attorneys' fees it incurred in bringing this motion, arguing that Defendants' attempt to remove this action lacked any reasonable basis. (Dkt. # 7 at 6.) This request is without merit. Defendants are required to remove an action within thirty days of receiving the first pleading that sets forth a removable claim. 28 U.S.C. § 1446(b). "The [removal] statute, insofar as the time for removal is concerned is imperative and mandatory, and must be strictly construed and complied with . . . ." *Biscup v. New York*, 129 F. Supp. 765, 767 (W.D.N.Y. 1955). Thus, Defendants were required to "seize the first opportunity" to remove in order to avoid waiving their right to do so. *Hubbard*, 601 F. Supp. at 795. Although the Court ultimately disagrees that removal was proper, Defendants' argument regarding the removal statute is entirely reasonable. Plaintiff is therefore not entitled to an award of attorneys' fees.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Dkt. # 7) is **GRANTED**, except insofar as it requests attorneys' fees, to which extent it is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that, given the remand, the other pending motion (Dkt. # 6) is **DENIED AS MOOT**.

DATED this 3rd day of September, 2009.

G. Murray Snow
United States District Judge