**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel Terry Goddard, | No. CV-09-1596-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Albert Yun Szu Yeh, et al., | |
| Defendants. | |

Pending before the Court is the State's Motion to Remand to Arizona Superior Court (Dkt. # 26). Also pending are Defendants' Motion for Rule 60 Motion for Relief From Seizure Warrant for Lack of Jurisdiction (Dkt. # 24), Motion for Return of Unconstitutionally Seized Property (Dkt. # 25), Defendants' Motion To Dismiss Party (Dkt. # 46) and Plaintiff's Motion For Extension of Time For Response To Defendants' Motion to Dismiss (Dkt. # 52). For the following reasons the State's Motion to Remand to Arizona Superior Court (Dkt. # 26) is granted. In light of the remand, the remaining motions are denied as moot.

## BACKGROUND

On July 6, 2009, the Maricopa County Superior Court signed a Seizure Warrant listing as Defendants Dr. Albert Yun Szu Yeh, his wife Jennifer Wu; Taibra, LLC; Bryan Espinosa; and Pain Wellness Management Center aka Pain Wellness Center. The State sought to seize Defendants' property based on Arizona statutes that authorize the State to seek the forfeiture

of property involved in crimes of racketeering, the illegal use and sale of narcotic or dangerous drugs, fraudulent schemes, money laundering, illegally participating in a criminal enterprise and other criminal or fraudulent activities.

On August 3, 2009, Defendant Jennifer Wu filed a Notice of Removal of that action to this Court (Dkt. # 1). Upon motion by the State, (Dkt. # 7), this Court remanded this matter to Maricopa County Superior Court pending the initiation of a forfeiture proceeding. (Dkt. # 11). The State initiated those proceedings by filing its Notice of Pending Forfeiture on September 3, 2009 in Maricopa County Superior Court. Arizona Revised Statutes ("A.R.S.") § 13-2308 (B) ( 2001) (requiring the state to initiate forfeiture proceedings within sixty days of property seizure by filing a notice of pending forfeiture).

On September 18, Defendant Jennifer Wu again filed a Notice of Removal (Dkt. # 12) after which the State again moved to remand this action to Superior Court.

## ANALYSIS

Defendants assert that this case falls within the diversity jurisdiction of this Court. Defendants acknowledge, however, the general rule that the state of Arizona is not itself the citizen of any state, and is, thus, not subject to diversity jurisdiction. *Moor v. County of Alameda,* 411 U.S. 693, 717 (1973). Further an agency of the state, acting as an arm of the state, is similarly not subject to federal diversity jurisdiction. *Id.* Because the State through its Attorney General is the Plaintiff here, there is presumptively no diversity jurisdiction that would allow the Defendants to remove the pending forfeiture action. *Nuclear Eng'g Co. v. Scott,* 660 F.2d 241, 250 (7th Cir. 1981) (holding that because the Illinois Attorney General filed suit in "his official capacity on behalf of the State . . . the district court has no jurisdiction" over the suit).

The Defendants assert that an exception to the general rule applies when the state is acting on behalf of others and is only a nominal party. But, Defendants do not establish the existence of such an exception to the general rule. Defendants mix and match cases involving both diversity jurisdiction and Eleventh Amendment immunity with cases involving the *parens patriae* doctrine to suggest that if the state is acting on behalf of others,

its inability to qualify for diversity jurisdiction should be ignored. But not only do Defendants fail to convince the Court that such an exception exists or should exist, they fail to establish that even if it did, the State was acting in a nominal capacity in exercising a remedy given to it in enforcing state laws, or that Defendants have otherwise established diversity jurisdiction in this case.

Defendants cite *Ford Motor Co. v. Dep't of Treasury of the State of Indiana,* 323 U.S. 459, 464 (1945) for the proposition that "if the state is not the real party of interest (sic) and just a nominal party, . . . the state becomes a citizen for diversity jurisdiction purposes." The *Ford* case, however, stands for no such proposition. *Ford,* which at any rate has since been overruled by the Supreme Court, did not involve whether a removed action against state officials met the diversity jurisdiction requirements of the federal court. Rather, it examined the scope of the Eleventh Amendment bar on suits brought against states in federal court. The *Ford* Court held that a refund action brought by Ford Motor Company against the Indiana Department of the Treasury and officers constituting the Treasury Board was barred by the Eleventh Amendment because to the extent the officials and not the state were named as the Defendants, the refund action was still against the State, and thus could not be pursued in federal court. "We have previously held that the nature of a suit as one against the state is to be determined by the essential nature and effect of the proceeding." *Ford,* 323 U.S. at 464.

And, while courts frequently use similar considerations in determining whether the state is actually a party for purposes of diversity jurisdiction, "a state, or its alter ego, may waive its Eleventh Amendment privilege but cannot create diversity jurisdiction." *Befitel v. Global Horizons, Inc.,* 461 F. Supp.2d 1218, 1222 (D. Haw. 2006) citing *Fifty Associates v. Prudential Insurance Co. Of America,* 446 F.2d 1187, 1192 (9th Cir. 1970). Thus, when the state is a legitimate party to the suit, there can be no diversity jurisdiction in the federal court.

The other cases cited by the Defendants stand for the proposition that when suit is brought by or against a state official or a state agency, the court must consider whether the official or agency is acting as an arm of the state as it pertains to the action. If so, then

federal diversity jurisdiction does not exist. *See, e.g., Missouri, Kansas & Texas Railway Co. v. Hickman,* 183 U.S. 53, 59 (1901) (holding that a suit brought by Missouri Railway Commissioners could not be removed because the suit was brought by the Commissioners in their official capacity and on behalf of the state); *Scott,* 600 F.2d at 250 (holding that suit brought by Illinois Attorney General was brought on behalf of state and could not be removed to federal court); *Befitel v. Global Horizona, Inc.,* 461 F.Supp.2d 1218 (D. Haw. 2006) (holding that agency director was suing on behalf of the state of Hawaii to obtain unpaid unemployment assessments, thus action could not be removed to federal court.). If the state official or agencies are not acting as an arm of the state, then their citizenship may be considered for purposes of establishing diversity jurisdiction. *Cf. Streit v. County of Los Angeles,* 236 F.3d 552, 566 (9th Cir. 2001) (holding that the Alameda County Sheriff was not acting as an arm of the state for purposes of invoking Eleventh Amendment immunity to action concerning the operation of county jails).

The Defendants intermingle the above cases with two cases discussing the right of a state to bring a claim as *parens patriae*. Not only do those cases fail to discuss how a state's *parens patriae* status might affect federal diversity jurisdiction, they both suggest that a state cannot pursue a *parens patriae* action without having some interest of its own at stake. In other words, a state cannot pursue a *parens patriae* action in a purely nominal capacity. *Alfred L. Snapp & Son, Inc. v. Puerto Rico,* 458 U.S. 592, 607 (1982) ("In order to maintain such an action, the State must articulate an interest apart from the interests of particular private parties, *i.e.,* the State must be more than a nominal party."). To the extent then, that the Defendants wish to suggest that the State is pursuing this action only on behalf of others as a *parens patriae*, it is unavoidably acknowledging that the State has its own interests at stake, which it demonstrably does. To the extent that the State is pursuing its own interest in securing a civil remedy against criminal conduct provided by law, it cannot be considered merely a nominal party that could be ignored for purposes of determining whether there is federal diversity jurisdiction.

The statute authorizing forfeiture here authorizes the State to bring such a forfeiture action. A.R.S. § 13-4302 (2001). "The state may commence a proceeding in the superior court . . ." There is no question that it is the State, through its Attorney General that seeks such forfeiture here. In such circumstances, the Court does not accept Defendants' assertion that the State is merely a nominal party. Even if it did, the Defendants assert that one of the principal beneficiaries of the forfeiture action is the AHCCCS Administration. In seeking to recover public funds wrongfully expended due to Defendants' alleged fraud, the Administration is acting as an arm of the State. *Cf. Befitel,* 461 F.Supp.2d at 1218 (holding that agency director was suing on behalf of the state of Hawaii to obtain unpaid unemployment assessments, thus action could not be removed to federal court.). This, too, is a sufficient basis to deprive this Court of jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Dkt. # 26) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to **REMAND** this action back to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that given the remand, Defendants' Motion for Rule 60 Motion for Relief From Seizure Warrant for Lack of Jurisdiction (Dkt. # 24), Motion for Return of Unconstitutionally Seized Property (Dkt. # 25), Defendants' Motion To Dismiss Party (Dkt. # 46) and Plaintiff's Motion For Extension of Time For Response To Defendants' Motion to Dismiss (Dkt. # 52) are **MOOT.**

DATED this 14th day of December, 2009.

G. Murray Snow
United States District Judge